**CV12 2132**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ROSE AYUSO,

                                  Plaintiff,

                        -against-

CITY OF NEW YORK; Police Officers JOHN
and JANE DOES 1 through 10, individually and in
their official capacities, (the names John and Jane
Doe being fictitious, as the true names are presently
unknown),

                                Defendants.
------------------------------------------------------------------ x

**SUMMONS ISSUED**

**COMPLAINT**

Jury Trial Demanded

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 1 - 2012 ★
BROOKLYN OFFICE

MAUSKOPF, J.
GOLD, M.J.

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Rose Ayuso ("plaintiff" or "Ms. Ayuso") is a resident of Queens County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 5:00 p.m. on December 17, 2011, Plaintiff knocked on the front door of 104 Grove Street in Brooklyn, NY.

13. An individual answered the door and told her that the person she had come to see was not home.

14. As plaintiff drove away, a police car pulled her over.

15. The officers lacked reasonable suspicion to stop plaintiff.

16. One of the defendants stepped out of his car and told Ms. Ayuso, in sum and substance, to "get the fuck out of the car."

17. The officers then handcuffed and arrested Ms. Ayuso, even though she had committed no crime and the officers lacked probable cause.

18. Ms. Ayuso was taken to a police precinct.

19. At the precinct, one of the defendants unlawfully strip-searched plaintiff.

20. Plaintiff was then taken to a holding cell.

21. Plaintiff, who suffers from diabetes and a failing kidney, began vomiting.

22. Plaintiff asked the defendants for medical attention, but they mocked her and refused to provide medical treatment.

23. The officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff trespassing and prepared paperwork to that effect.

24. The officers had not observed plaintiff trespass.

25. Early the next morning, plaintiff was taken to Brooklyn Central Booking.

26. Plaintiff's criminal charges were adjourned in contemplation of dismissal.

27. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's office at 1 Centre Street, New York, New York.

28. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

29. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

30. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

## FIRST CLAIM
### Unlawful Stop and Search

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

33. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

36. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

39. Plaintiff was conscious of his confinement.

40. Plaintiff did not consent to his confinement.

41. Plaintiff's confinement was not otherwise privileged.

42. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

43. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

46. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

49. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

50. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### Deliberate Indifference to Medical Needs

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. The defendants were aware that plaintiff had a serious medical condition the treatment of which required medical treatment.

53. Defendants prevented plaintiff from obtaining medical attention, with deliberate indifference to her medical needs, in violation of the Fourteenth Amendment.

54. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure to Intervene

55. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

57. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

58. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED: May 1, 2012
New York, New York

HARVIS MARINELLI
SALEEM & WRIGHT LLP

_____
Robert Marinelli
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
rmarinelli@hmswlaw.com

*Attorney for plaintiff*